D.IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Quantia Adams, | ) | C/A No. 3:24-cv-00312-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Nationstar Mortgage LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se civil action, which was filed in the Richland County Court of Common Pleas and removed to this Court. [Docs. 1; 1-1.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On January 26, 2024, Defendant filed a motion to dismiss. [Doc. 6.] That same day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 9.] On January 29, 2024, the Court issued an Order directing Plaintiff to submit answers to the Court's interrogatories pursuant to Local Civil Rule 26.01 (D.S.C.) and warning Plaintiff that her failure to comply with that Order might result in dismissal of her case. [Doc. 10.] Despite the Court's warnings concerning the possible consequences for failing to respond to Defendant's motion to dismiss and to the Court's Order of January 29, 2024, Plaintiff did not respond.

On February 29, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that this action be summarily dismissed for failure to comply with a court order and failure to prosecute and that Defendant's motion to dismiss be terminated as moot. [Doc. 17.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. [*Id.* at 4.] She did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Therefore, this action is

DISMISSED with prejudice, and Defendant's motion to dismiss [Doc. 6] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

April 5, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.